UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00078-JPH-MKK |
| | ) |
| CHRISTHOPER HOLCOMB, | ) |
| VANIHEL, | ) |
| RUSSELL, | ) |
| SANDERS, | ) |
| MARK SMITH JR, | ) |
| MARTINEZ, | ) |
| AOHDA, | ) |
| THOMAS WELLINGTON, | ) |
| TAWNI TEMPLETON, | ) |
| WVCF PLAIT MANAGER, | ) |
| JERRY SNYDER, | ) |
| ASHLYNN LEDFORD GONTHIER, | ) |
| ALLY RITTENBERG- VARTSHYOCK, | ) |
| WOODS, | ) |
| GIBSON, | ) |
| ADAM JACKSON, | ) |
| ARNOLD, | ) |
| DORTOVAN, | ) |
| WIPPO, | ) |
| ALEXANDER, | ) |
| BYRD, | ) |
| AMY WRIGHT, | ) |
| KIM HUDSON, | ) |
| DANA LANDTRIP, | ) |
| HEATHER PAMERILLO, | ) |
| LAUREN CUPP, | ) |
| CHANTELL KNEPP, | ) |
| TAYLOR HILL, | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| CENTURION HEALTH SERVICES OF | ) |
| INDIANA, | ) |
| INDIANA DEPT OF CORRECTIONS, | ) |
| MARK SMITH SR., | ) |
| | ) |
| Defendants. | ) |

### ORDER SCREENING THE COMPLAINT, SEVERING CLAIMS, AND DIRECTING SERVICE OF PROCESS

Anthony Martin, a prisoner at Wabash Valley Correctional Facility, brings this lawsuit alleging violations of his civil rights. Because Mr. Martin is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### II. The Complaint

The complaint names the thirty-three prison officials, medical staff members, and other entities listed in the caption of this Order. Mr. Martin is

confined to a restricted housing unit at Wabash Valley Correctional Facility. The complaint alleges that the plumbing system in this unit frequently malfunctions, causing feces, urine, and toilet water to flood the unit. The complaint outlines four sets of claims that are directly or indirectly related to this problem:

### A.   Count 1 – Failure to Improve the Plumbing System

The complaint alleges that the plumbing system at Wabash Valley Correctional Facility has been malfunctioning since Mr. Martin arrived at the facility in March 2020. The complaint alleges specific periods of when the plumbing system malfunctioned from August 20-24, 2021; August 28 – September 2, 2021; and September 14-16, 2021. The problem is generally known throughout the facility. Many correctional officers and grievance officers have expressed indifference to the problem, stated that the problem results from the fact that the facility has an old plumbing system, or stated that the issue is out of their control.

The Wabash Valley Correctional Facility Plant Manager is responsible for the plumbing, water, and related matters within the facility. The Plaint Manager is aware of the issues with the plumbing system but has been unable to fix them or improve the system. The plant manager allegedly stated that there were "bigger issues that needed to be fixed in the facility." Dkt. 2 at ¶ 8. Warden Frank Vanihel is also aware of the problem but has not taken steps to rectify it.

### B. COUNT 2 – Failure to Clean Restrictive Housing Unit after Flooding

The complaint alleges that when Mr. Martin's housing unit floods, he and other inmates are forced to live in unhabitable conditions. Throughout August

and September 2021, defendants Lt. Holcomb, Major Russell, Warden Vanihel, Tawni Templeton, Thomas Wellington, the Plant Manager, Sgt. Sanders, Sgt. Smith, Sgt. Aohda, Sgt. Martinez, Ofc. Smith, Ofc. Jackson, Ofc. Arnold, Ofc. Donovan, and Ofc. Wippo were aware of the issue but did not take steps to improve the condition of the restrictive housing unit after the floods. That is to say, they did not attempt to remove raw sewage from the unit, ventilate the unit, remove the inmates from the unit, or otherwise ensure that Mr. Martin was housed in habitable prison conditions.

### C. COUNT 3 – Slip and Fall

On September 16, 2021, Ofc. Woods and Ofc. Gibson escorted Mr. Martin to the showers. They failed to follow IDOC policy for escorting inmates and did not ensure that the floor was free of water or other hazards. As a result, Mr. Martin slipped and fell on the wet floor, which was slippery due to a flood on September 14. They let Mr. Martin lay on the wet floor for twenty minutes until members of the medical staff arrived to transport him to the infirmary on a gurney.

### D. COUNT 4 – Medical Care

When Mr. Martin was taken to the infirmary, he was seen by Dr. Byrd, who ordered him to return to his cell. The complaint alleges that Mr. Martin was experiencing a medical emergency but was not transported to an outside hospital due to policies of the correctional facility's medical services provider.

Over the next several weeks, Mr. Martin was largely unable to get out of bed. Nurse Cupp, Nurse Heather, Nurse Kneep, and Nurse Taylor came to his

cell door each day but refused to provide him with his medication for high blood pressure, mental illness, and pain management. These refusals arose from policies that limited their ability to open the door of Mr. Martin's cell without the presence of a correctional officer.

Kim Hobson and Amy Wright are responsible for scheduling prisoners for medical examinations and procedures, and they repeatedly delayed Mr. Martin's appointments and x-rays. Due to policies of the correctional facility's medical services provider, Mr. Martin had to receive three nursing visits before he could be seen by a doctor.

Mr. Martin has suffered long-term complications from the fall on September 16, 2021, and from the denial/delays of medical care. Mr. Martin has been denied physical therapy and other treatment.

### III. Discussion

**A. Claims that Shall Proceed: COUNTS 1 and 2**

**1. COUNT 1 – Failure to Improve Plumbing System**

The complaint alleges that Mr. Martin has been subjected to uninhabitable conditions in violation of the Eighth Amendment because Wabash Valley Correctional Facility has an old plumbing system that frequently floods raw sewage into his housing unit.

However, to state a claim under 42 U.S.C. § 1983, the complaint must allege sufficient facts to create a reasonable inference that the defendants were personally involved in the constitutional violation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation."

5

*Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

The question is whether the complaint alleges that the defendants were personally involved in failing to remedy the aging plumbing system. Liberally construed, the complaint creates a reasonable inference that the Wabash Valley Correctional Facility Plant Manager and Warden Vanihel had the authority to remedy the plumbing system but chose not to expend the prison's resources for that purpose in deliberate indifference to the conditions of Mr. Martin's confinement. Accordingly, Mr. Martin's Eighth Amendment conditions of confinement claims and state law negligence claims **shall proceed** against these defendants in their individual and official capacities.

The complaint does not create a reasonable inference that the other defendants (who are correctional officers, grievance officers, medical staff, and medical services providers) have the authority to improve the facility's plumbing system. Also, defendant Indiana Department of Correction is immune from suit under the Eleventh Amendment. *See Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016). To the extent that Mr. Martin seeks to bring

6

claims against these other defendants for failing to remedy the facility's plumbing system, those claims are **dismissed**.

### 2. COUNT 2 – Failure to Clean Restrictive Housing Unit after Flooding

The complaint alleges that the problems with the faulty plumbing system are exacerbated by prison officials' refusal to remove raw sewage from Mr. Martin's housing unit after it floods. Accordingly, Mr. Martin's Eighth Amendment conditions of confinement claims and state law negligence claims **shall proceed** against Lt. Holcomb, Major Russell, Warden Vanihel, Tawni Templeton, Thomas Wellington, the Plant Manager, Sgt. Sanders, Sgt. Smith, Sgt. Aohda, Sgt. Martinez, Ofc. Smith, Ofc. Jackson, Ofc. Arnold, Ofc. Donovan, and Ofc. Wippo in their individual and official capacities.

### B. Claims that are Severed: COUNTS 3 and 4

The Court exercises its discretion under Rule 21 to sever the remaining claims. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21 . . . As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it."). The Court is severing Mr. Martin's remaining claims because the claims proceeding in this action under Counts 1 and 2 are "capable of resolution despite the outcome of the other [severed] claims." *Gaffney v. Riverboat Servs. of Indiana*, 451 F.3d 424, 442 (7th Cir. 2006).

Mr. Martin shall file a notice **by June 9, 2023**, telling the Court if he wants the Court to open a new cause of action for Count 3 and/or Count 4 which the Court has severed from this case. If Mr. Martin wants those claims to proceed,

7

the Court will open two new separate civil actions for Count 3 and Count 4. Mr. Martin will be obligated to pay the filing fee for each new action the Court opens. If he does not meet this deadline, the remaining claims will be dismissed without prejudice, and he will need to file a complaint in a new civil action if he later decides to pursue any of those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Lt. Holcomb, Major Russell, Warden Vanihel, Tawni Templeton, Thomas Wellington, the Wabash Valley Correctional Facility Plant Manager, Sgt. Sanders, Sgt. Smith, Sgt. Aohda, Sgt. Martinez, Ofc. Smith, Ofc. Jackson, Ofc. Arnold, Ofc. Donovan, and Ofc. Wippo in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to terminate all other defendants on the docket.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The **clerk is directed** to rename the defendants on the docket to correspond with the names listed in the Distribution of this Order.

Mr. Martin's motion requesting a status update, dkt. [7], is **granted** to the extent that he is notified that his motion for leave to proceed *in forma pauperis* was granted and no initial partial filing fee is due at this time.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 5/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to the Following IDOC Defendants at Wabash Valley Correctional Facility
    Warden Frank Vanihel
    Wabash Valley Correctional Facility Plant Manager
    Lt. Christopher Holcomb
    Major Russell
    Tawni Templeton
    Thomas Wellington
    Sgt. Sanders
    Sgt. Mark Smith, Sr.
    Sgt. Aohda
    Sgt. Martinez
    Ofc. Mark Smith, Jr.
    Ofc. Adam Jackson
    Ofc. Arnold
    Ofc. Donovan
    Ofc. Wippo