UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00078-JPH-MKK |
| | ) |
| CHRISTOPHER HOLCOMB Lt., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR SANCTIONS**

Currently before the Court are the parties' cross-motions for sanctions and several related motions filed by Mr. Martin. For the reasons that follow, the Court sets Defendants' motion for sanctions, dkt. 106, for an evidentiary hearing, denies Mr. Martin's motion for sanctions, dkt. 119, and denies Mr. Martin's other pending motions, dkts. 118; 137; 141; 143.

# I.
# BACKGROUND

Anthony Martin alleges that he was confined under inhumane conditions at Wabash Valley Correctional Facility when Defendants failed to adequately maintain the prison's plumbing system and respond reasonably when sewage flooded his cell. Dkt. 2 (complaint); dkt. 9 (screening order).

Defendants filed a motion for summary judgment, dkt. 84, and Mr. Martin filed a response with designated evidence, dkts. 93; 95; 97; 98.

The defendants then moved for sanctions against Mr. Martin, alleging that he submitted forged or altered documents in response to their motion for

summary judgment. Dkt. 106; 107. Defendants further allege that Mr. Martin lied in his deposition and in a declaration submitted to the Court and made false representations in his response. Dkt. 107 at 3.

The Court ordered Mr. Martin to respond to the defendants' allegations and show cause why he should not be sanctioned or, alternatively, what sanctions would be appropriate. Dkt. 114.

Mr. Martin filed a response to the defendants' motion and the Court's show-cause order, and a cross-motion for sanctions, asserting that the defendants' allegations against him are false. *See* dkts. 117–121.

With their reply in support of their motion for summary judgment, the defendants designated recordings of phone calls that Mr. Martin placed from prison. *See* dkts. 130–34. Defendants contend that these records show that Mr. Martin solicited false testimony to avoid sanctions. Dkt. 133 at 9–11.

Mr. Martin has responded with several additional motions related to these submissions. *See* dkts. 137, 139–41.

The Court now directs further proceedings on Defendants' motion for sanctions and rules on Mr. Martin's pending motions.

## II.
**FURTHER PROCEEDINGS ON DEFENDANTS' MOTION FOR SANCTIONS**

Defendants' motion for sanctions, [dkt. 106], is fully briefed. The filings reveal there are factual disputes that the Court must resolve to determine whether Mr. Martin fabricated, altered, or misrepresented the exhibits appearing at dkt. 98, pp. 11–23, as Defendants allege. Therefore, the Court schedules an evidentiary hearing on Defendants' motion for sanctions for

**December 10, 2024**.  Each side will have a total of 2.0 hours to present their case, inclusive of witness testimony and attorney argument.

In preparation for the hearing, the parties shall have until **October 28, 2024**, to file (1) witness lists identifying each witness they intend to call at the evidentiary hearing, along with a brief summary of each witness's anticipated testimony; and (2) exhibit lists identifying each exhibit the parties intend to introduce at the evidentiary hearing.  The parties shall have until **November 25, 2024**, to file any objections to the other side's witnesses and exhibits, setting forth with specificity the basis for any objection.

Defendants' request for leave to depose witnesses whose affidavits are the subjects of the phone recordings, dkt. 133 at 11–12, is **denied without prejudice**.  The testimony of those witnesses is tangential to the main issues presented in the Defendants' motion for sanctions.  *See* dkt. 107 (identifying evidence that Defendants allege Mr. Martin falsified).  If, however, Mr. Martin identifies those individuals on his witness list, Defendants may renew their motion.

Defendants' request for additional time to retain "an expert forensic document review witness", dkt. 133 at 11–12, is **denied as presented.** Defendants' submissions do not explain what matters such an expert would address or how such testimony would be helpful to the Court's resolution of Defendants' motion for sanctions.  Mr. Martin's request for appointment of a handwriting expert, dkt. 124 at 36, is **denied** for the same reasons.

Finally, if Defendants intend to submit evidence that the IDOC has no records of the grievances in question, they must have the witness(es) whose testimony supports those assertions available for cross-examination at the evidentiary hearing.

### III.
### MR. MARTIN'S PENDING MOTIONS

**A. Motion to strike recorded phone calls**

Mr. Martin's motions asking the Court to strike the phone recordings, dkts. [137] and [141], are **denied**.

Mr. Martin asserts that the defendants wrongly obtained the phone recordings after discovery closed. Dkt. 137 at ¶¶ 1–7. But there is no indication that the defendants obtained the recordings through the discovery process. Moreover, the phone recordings relate to affidavits submitted in response to the sanctions motion, which were also created after the discovery deadline. *See* dkt. 117 at ¶¶ 3–8. Finally, the defendants promptly disclosed the evidence to Mr. Martin by filing it with their reply, thereby giving him an opportunity to respond to the evidence. *See* dkts. 131, 133.

Mr. Martin further argues that the phone calls are protected by the work-product privilege. Dkt. 137 at ¶ 8; dkt. 141 at ¶¶ 7–8. The defendants argue that the recordings of Mr. Martin's phone calls are not privileged work product, but instead records generated by his custodians in the regular course of their operation. Dkt. 138 at ¶ 16. Alternatively, they argue that Mr. Martin waived the privilege by making his statements on a call he knew was recorded. Dkt. 138 at ¶ 21.

The work-product doctrine does not apply to Mr. Martin's telephone calls. "Codified at Rule 26(b)(3) of the Federal Rules of Civil Procedure, the work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010).

Neither of the "dual purposes" of the work-product doctrine would be served by applying it here. Mr. Martin's "thought processes" and "mental impressions" are not revealed during the calls, and Mr. Martin has no greater claim to access the recorded calls than Defendants do, so Defendants are not "piggybacking" on Mr. Martin's work. Moreover, Mr. Martin does not dispute that both he and the persons he spoke with during the calls he placed from Wabash Valley were notified that the calls were being monitored and recorded.[1] Dkt. 138 at 3-4 ¶¶ 17-20. On these facts, Mr. Martin's recorded calls are not within the scope of the work-product doctrine. *Cf. Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 767–68 (7th Cir. 2006) ("The work-product doctrine shields materials that are prepared in anticipation of litigation from the opposing party, on the theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that

---

[1] Wabash Valley carves out a limited exception for legal calls an inmate has with his lawyer that applies when the inmate advises prison staff that "the telephone call is to an attorney or legal representative." Dkt. 138 at 3-4 ¶ 18. Mr. Martin does not contend that this exception applies here.

5

party's strategy,...."). *See Prince v. Kato*, 2020 WL 7698373 *3 (N.D. Ill. 2020) (recorded prison telephone calls not subject to attorney-client privilege where inmates know the calls are recorded and therefore have no reasonable expectation of privacy) (citing cases); *United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989) (prisoners have no expectation of privacy in recorded jail calls).

Mr. Martin next contends that the phone calls appear on the docket out of context and are barred by the rule of completeness. *See* dkt. 137 at ¶¶ 12–13; dkt. 141 at ¶ 9; Fed. R. Evid. 106. This argument fares no better. Rule 106 gives Mr. Martin an opportunity to present additional evidence to place the phone recordings in the proper context—not to exclude the phone recordings from the record. Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time.").

In sum, Mr. Martin has not identified any meritorious basis for striking the recordings of the phone calls from the record.

### B. Motion to preserve evidence

Mr. Martin's motion to preserve evidence, dkt. [118], is **denied as unnecessary**. He asks the Court:

> to order the [state] defendants to preserve from altercation and destruction to the originals of documents designated as evidence in this case, and are within the possession of the Department of Corrections, and or [its] facility Wabash Valley Correction Facility, which has Databases such as OGRE, IRIS, OCMS, OIS, and Delta,

>that the Department and its employees uses to generate, communicate, and or store records.

*Id.* at 1 (brackets and errors in original).

By virtue of this litigation, Defendants have an independent duty to preserve relevant records and Mr. Martin has made no showing that Defendants have or are likely to breach that duty.

### C. Motion for sanctions

Mr. Martin's motion for sanctions, dkt. [119], is **denied without prejudice**. The crux of Mr. Martin's motion is that Defendants' assertions in their motion for sanctions are false and supported by false declarations offered in bad faith by two defendants. Dkts. 103-3; 103-6; 119 (applying Fed. R. Civ. P. 56(h)). The Court already found the defendants' allegations sufficiently credible to require further proceedings and their sanctions motion is fully briefed. Dkt. 114. At the evidentiary hearing, Mr. Martin will have the opportunity to present additional evidence opposing the motion and the declarations. If the Court finds in the defendants' favor and grants the sanctions motion, it will necessarily have found that their allegations and testimony were not presented in bad faith. On the other hand, if the Court denies the defendants' motion for sanctions, Mr. Martin may submit a renewed motion for sanctions.

### D. Motion for leave to file a sur-reply

Mr. Martin's motion for leave to file a surreply on the motion for sanctions, dkt. [143], is **denied**. The local rules permit a surreply only in response to a summary judgment motion and then only to respond to

7

arguments or evidence raised for the first time in the reply. *See* S.D. Ind. L.R. 56-1(d). Mr. Martin does not identify in his motion or his surreply what new argument or evidence he wishes to address. Further, Mr. Martin addressed newly filed evidence in his objection and motions to strike the phone recordings, dkts. 137, 140, 141, so it is not clear why an additional surreply is warranted.

### E. Motion for recruitment of counsel

Mr. Martin asks the Court to appoint counsel to assist him in any evidentiary hearing and develop evidence regarding the question of whether the allegedly falsified grievances in question were ever received and logged into the Indiana Department of Correction's electronic records systems. Dkt. 124 at 36. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *See Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the

8

indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Martin's request does not demonstrate that he has undertaken any efforts to recruit counsel on his own, so it is **denied**.

## IV.
## CONCLUSION

The Court sets an evidentiary hearing on **December 10, 2024, at 10:00 a.m.** in Room 329, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana before Judge James Patrick Hanlon.

The Court proposes holding the hearing in Indianapolis rather than in Terre Haute. Defendants have until **October 10, 2024**, to file a joint statement

9

setting forth their position regarding holding the hearing in Indianapolis and the specific reasons for any objection.

Mr. Martin's motions to strike the phone recordings, dkts. [137] and [141], to preserve evidence, dkt. [118], for sanctions, dkt. [119], for leave to file a surreply, dkt. [143], and request for the appointment of counsel are **denied**.

**SO ORDERED.**

Date: 10/3/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel