UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00078-JPH-MKK |
| | ) |
| CHRISTOPHER HOLCOMB Lt., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

An evidentiary hearing on Defendants' motion for sanctions, dkt. 106, is scheduled for December 10, 2024. The purpose of the hearing is for the Court to hear witness testimony so it can make findings of fact regarding the allegations that Mr. Martin fabricated, altered, or misrepresented the exhibits appearing at dkt. 98 at 11–23; provided false testimony in his deposition and in a declaration submitted to the Court; and made false representations to the Court in his summary judgment response and related filings. During a telephonic status conference before Magistrate Judge Klump on November 18, 2024, Mr. Martin made oral motions to stay the evidentiary hearing and to recruit counsel to represent him. He also discussed his proposed witness and exhibit lists.

**I. Motion for Stay**

Mr. Martin asks the Court to stay the evidentiary hearing. The motion for sanctions, dkt. 106, has been pending for nearly six months and is fully briefed. Mr. Martin has not articulated what, if any, additional relevant

evidence he hopes to uncover by delaying the hearing. Indeed, an evidentiary hearing is necessary *only* because the Court must weigh the witnesses' credibility, and delaying the hearing will not enhance or diminish any witness's ability to testify truthfully about the authenticity of the documents.

Accordingly, the motion to stay is **denied**.

## II. Motion for Counsel

Mr. Martin again asks the Court to appoint an attorney to represent him. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 301 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination

2

whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).

The Court denied Mr. Martin's previous request for counsel because he had not demonstrated any efforts to recruit counsel on his own. Dkt. 144. Mr. Martin represented during the status conference that he has contacted ten or more attorneys with unsuccessful requests for representation. Accordingly, the Court proceeds to the second inquiry.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally

3

attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Considering Mr. Martin's abilities and the current posture of this case, the Court declines to recruit counsel to represent Mr. Martin at the evidentiary hearing. Mr. Martin has demonstrated that he is at least as capable as the typical incarcerated layperson to represent himself. His filings in response to the sanctions motion alone have been extensive, and he has supported them with citations to legal authority and documentary evidence. He is as well-equipped as his peers to question witnesses about the matters at issue, particularly since the hearing concerns a discrete set of facts that are within Mr. Martin's personal knowledge. The Court also considers that the issues to be resolved by the evidentiary hearing do not go to the merits of Mr. Martin's claims. There are hundreds of *pro se* prisoner cases pending in the Southern District of Indiana at any given time, and judges are obligated to be "careful stewards of the limited resource of volunteer lawyers," *Watts,* 42 F.4th at 764. The Court concludes that appointing counsel to assist Mr. Martin at the upcoming evidentiary hearing would not be an appropriate use of scarce resources.

Mr. Martin's motion to appoint counsel is **denied**.

### III. Witness and Exhibit Lists

The Court ordered the parties to submit proposed witness and exhibit lists by October 28, 2024. Dkt. 144. On October 30, Mr. Martin filed a notice

4

stating that he was complying with the requirement, but no witness or exhibit list was attached, and none has been received since. Dkt. 147.

The Court ordered the parties to submit witness and exhibit lists for multiple reasons. First, the Court directed the parties to submit witness and exhibit lists to ensure that the parties align their evidentiary presentations with the limited scope of the hearing. Second, each side is limited to a total of two hours for their presentation. This timeframe limits the number of witnesses that can offer meaningful testimony. The Court directed the parties to submit witness and exhibit lists to ensure that the total number of witnesses is manageable and that as many disputes as possible can be resolved before the hearing. Finally, Mr. Martin is incarcerated and proceeding without counsel and may require assistance in arranging the attendance of certain witnesses. Presenting a witness list allows the Court to ensure the participation of witnesses with material testimony.

During the telephonic status conference, Mr. Martin stated that he intends to present unspecified documents that are already on the docket. Mr. Martin may present such exhibits at the hearing, and the defendants may raise objections to the relevance, authenticity, or admissibility of those documents at the hearing.

Mr. Martin identified twelve witnesses that he wishes to call. There will not be time to hear testimony from all of them. Four witnesses—Tawni Templeton, Michael Ellis, Ally Rittenberg, and Ashlynn Gonthier—are already on the defendants' witness list, dkt. 146, so Mr. Martin will have an

5

opportunity to examine those witnesses and testify himself. For any other witnesses Mr. Martin wishes to call, he must file **no later than November 26, 2024**, a witness list that includes for each witness their name, address, and IDOC number (if relevant), and a summary of the witness's anticipated testimony. If Mr. Martin fails to comply with this deadline, he will not be permitted to present any additional witnesses. Last, the Court has considered Mr. Martin's allegations that his custodians have prevented him from timely filing a witness list. The Court takes these allegations seriously. Therefore, if Mr. Martin contends that prison officials prevented him from complying with Court deadlines, he may testify under oath at the hearing who did what and when did they do it.

### IV. Conclusion

Mr. Martin's motion to stay the evidentiary hearing is **denied**. Mr. Martin's renewed motion for counsel is **denied**. Mr. Martin's proposed witness and exhibit lists are **under advisement** as discussed in Part III. If he wishes to call any witness not on the defendants' list, he must file the witness's name, address, and IDOC number (if relevant), and a summary of the witness's anticipated testimony, **no later than November 26, 2024**.

The **clerk is directed** to issue a copy of this order to the Warden of Wabash Valley Correctional Facility. Given the short deadline for Mr. Martin to submit a witness list, the Court would appreciate the Warden's cooperation in ensuring that Mr. Martin receives this order promptly and receives an opportunity to timely file his witness list.

**SO ORDERED.**

Date: 11/19/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only


Warden
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

All electronically registered counsel