```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        TERRE HAUTE DIVISION
```

ANTHONY MARTIN,                              )
                                             )
        Plaintiff,                          )
                                             )
        v.                                  )  No. 2:23-cv-00078-JPH-MKK
                                             )
CHRISTOPHER HOLCOMB Lt., *et al.*,           )
                                             )
        Defendants.                         )

**ORDER**

Anthony Martin alleges the defendants violated his Eighth Amendment rights by failing to adequately maintain the plumbing system at Wabash Valley Correctional Facility and respond reasonably when sewage flooded his cell. The defendants moved for summary judgment on April 16, 2024, dkt. 84, and their motion remains pending.

On June 7, 2024, the defendants moved for sanctions against Mr. Martin. Dkt. 106. The subjects of their motion are inmate grievances and requests for interview that Mr. Martin filed in opposition to summary judgment. Dkt. 107. The defendants assert that Mr. Martin falsified these documents. *Id.*

The Court held an evidentiary hearing on December 10, 2024, to resolve factual disputes material to the sanctions motion. Dkt. 165. The parties presented evidence from six witnesses and submitted post-hearing briefs. *Id.*; dkts. 167, 168.

1

With his response, Mr. Martin included an affidavit attesting that nondefendant Ashlynn Gonthier confessed during a chance encounter on January 22 that she and other witnesses colluded with defense counsel to misrepresent facts and then lied at the evidentiary hearing. Dkt. 168 at 15–20. The defendants filed a brief response and offered to file a more fulsome response supported by evidence. Dkt. 169.

Mr. Martin followed with four additional motions related to his new allegations of misconduct by the defendants and their counsel. Dkts. 170, 171, 172, and 173.

The defendants will have **through March 5, 2025**, to submit a supplemental post-hearing brief, not to exceed 10 pages (excluding exhibits), limited to responding to Mr. Martin's sworn statements in his post-hearing affidavit, dkt. 168 at 15–20. In the absence of advance permission from the Court, no additional briefs or evidence from any party will be considered.

Mr. Martin's motion asking the Court to take judicial notice of documents from other cases, dkt. [170], is **granted** only to the extent his submissions have been docketed.

Mr. Martin's renewed motion to appoint counsel, dkt. [171], is **denied without prejudice**. In denying a recent motion for counsel, the Court explained:

> Considering Mr. Martin's abilities and the current posture of this case, the Court declines to recruit counsel to represent Mr. Martin at the evidentiary hearing. Mr. Martin has demonstrated that he is at least as capable as the typical incarcerated layperson to represent himself. His filings in response to the sanctions motion alone have been extensive, and he has supported them with citations to legal

2

> authority and documentary evidence. He is as well-equipped as his peers to question witnesses about the matters at issue, particularly since the hearing concerns a discrete set of facts that are within Mr. Martin's personal knowledge. The Court also considers that the issues to be resolved by the evidentiary hearing do not go to the merits of Mr. Martin's claims. There are hundreds of pro se prisoner cases pending in the Southern District of Indiana at any given time, and judges are obligated to be "careful stewards of the limited resource of volunteer lawyers," *Watts*, 42 F.4th at 764. The Court concludes that appointing counsel to assist Mr. Martin at the upcoming evidentiary hearing would not be an appropriate use of scarce resources.

Dkt. 152 at 4. Mr. Martin's most recent filings do not change this assessment. He has presented his sworn allegations of misconduct by defense witnesses and counsel, and there is currently no need for further action from him. If the defendants' response demonstrates that further proceedings are necessary to resolve his allegations or the motion for sanctions, and if it becomes clear to the Court that those proceedings will exceed Mr. Martin's capabilities as a pro se litigant and the interests of justice warrant the appointment of counsel, the Court will take appropriate action.

    Similarly, Mr. Martin's motions requesting additional discovery and a second evidentiary hearing, dkts. [172] and [173], are **denied without prejudice**. The Court will determine the need for additional discovery and an additional evidentiary hearing after receiving the defendants' response.

**SO ORDERED.**

Date: 2/24/2025

                                            *James Patrick Hanlon*
                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel